

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/15/2023
```

February 15, 2023

**MEMORANDUM ENDORSED**

Direct Dial: (212) 894-6824
Direct Fax: (212) 370-4453
jczerniawski@condonlaw.com

**VIA ECF**

Hon. Gregory H. Woods
United States District Court
Sothern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1920
New York NY 10007
212-805-0296

Re: *Harsh Imports, Inc. v. Bank Of Baroda, New York Branch*, 1:22-cv-10510-GHW Related Case: *Bank of Baroda, New York Branch v. Harsh Imports, Inc.*, 1:22-cv-02257-GHW

Dear Judge Woods:

Under rule 2E(i) of your individual rules of practice, Defendant Bank of Baroda, New York Branch ("The Bank") requests a pre-motion conference to move for dismissal of the Plaintiff's action or, in the alternative, a discretionary stay of proceedings until the pending summary judgment motion in the related case is resolved. In the related case, The Bank moved for summary judgment on the basis that the clear language of the contracts signed by Harsh Imports demonstrated that Harsh Imports had defaulted on its loan agreement.

The underlying facts and contentions in this new action have been extensively argued through numerous submissions in support of and in opposition to the Bank's Pending Summary Judgment Motion. See ECF Nos. 25, 26, 36, 41, 48, 58, 59. On December 13, 2022, you signed an order indicating that no more briefing would be considered for that case, including through supplemental letters. See ECF No. 60. On that same day, Harsh Imports filed the new action against Bank of Baroda, New York Branch.

The Court should dismiss this new action, or, in the alternative, stay the new action until resolution of the pending summary judgment motion in the related case. Plaintiff fails to state a claim for its first cause of action, Breach of the Covenant of Good Faith and Fair Dealing. Without that claim, the second cause of action should be dismissed because the amount in controversy plainly will not reach the statutory minimum of $75,000 and the court will lack subject matter jurisdiction. Finally, even if the court decides that these claims should not be dismissed, the balance of interests clearly militate for a stay of this action until the bank's pending motion for summary judgment is resolved.

**The First Cause of Action Should be Dismissed**

Judge Woods
February 15, 2023
Page 2

The First Cause of Action asserted by Harsh Imports for the Breach of the Covenant of Good Faith and Fair Dealing should be dismissed under Fed R. Civ. P 12(b)(6) because Plaintiff failed to adequately allege that the Bank engaged in any behavior which was not expressly allowed by the contract.

New York courts have made clear that a breach of the covenant of good faith and fair dealing cannot stand when the contract allows the behavior that is being considered inappropriate. See *Transit Funding Assoc., LLC v. Capital One Equip. Fin. Corp.*, 149 A.D.3d 23, 29 (2017) ("The covenant of good faith and fair dealing cannot negate the express provisions of the agreement.") See also, *Veneto Hotel & Casino, S.A. v. Ger. Am. Cap. Corp.*, 160 A.D.3d 451, 452 (1st Dep't 2017) ("Defendant acted within the authority and discretion provided to it under [the parties' loan agreement]. As the implied covenant of good faith and fair dealing cannot negate express provisions of the agreement, nor is it violated where the contract terms unambiguously afford [a party] the right to exercise its absolute discretion, [plaintiff's] implied covenant claim cannot stand.") Here, the contract expressly states that, in the event of a default, "the Bank may (1) declare the Notes, all interest thereon, and all other amounts payable under this Agreement to be forthwith due and payable, whereupon the Notes, all such interest, and all such amounts shall become and be forthwith due and payable." ECF No. 1, pg 36. Default occurred when Plaintiff failed to make timely payments, when it failed to timely provide the Annual Financial Statements and Monthly Borrowing Base submissions. See *Id.* at 35.

Plaintiff has made no allegations in the new action that the Bank's behavior was inconsistent with the express terms of the credit agreement as to Plaintiff's line of credit facility with the Bank. Rather, Plaintiff makes spurious claims, unsupported by evidence that the bank exercised its rights for a bad faith purpose. See *Id.* at 12. The mere conclusory allegation that the Bank acted in bad faith, without more, is insufficient to state a claim for a Breach of the Covenant of Good Faith and Fair Dealing. See *Veneto*, 160 A.D.3d at 452. Moreover, Plaintiff cannot save this allegation via amendment of the new complaint to assert such imaginary breaches. All such allegations regarding Plaintiff's line of credit facility with the bank have been thoroughly litigated before the Court by means of the Bank's pending summary judgment motion in the prior related case. If the Court grants the Bank's summary judgment motion in the prior related case, Plaintiff will be collaterally estopped from making such allegations.

To the extent that Plaintiff's good faith and fair dealing claim rests on the assertion that the Bank violated the Credit Agreement by failing to release the term loan, this also must be dismissed. Courts applying New York Law have made clear that, where "the allegations underlying the breach of the implied covenant of good faith claim and the breach of contract claim are the same, then the good faith claim is 'redundant' and cannot survive a motion to dismiss." *Simon v. Unum Group*, 2008 WL 2477471 at *2 (S.D.N.Y. June 19, 2008).

**Without the First Cause of Action, This Court Will Lack Subject Matter Jurisdiction**

Absent the first cause of action, the complaint should be dismissed, because the Plaintiff has not and cannot demonstrate the amount in controversy exceeds $75,000. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a "reasonable probability" that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994). A simple reading of the loan agreement would indicate that even if the $100,000 loan were to be released, the Plaintiff would have to repay it; there are no damages to be awarded here, let alone damages in excess of $75,000.

The Plaintiff attempts to subvert this jurisdictional requirement by making spurious claims that there are substantial damages -- ECF No. 1, pg 13 indicates that damages exceed $300,000 and pg, 14 indicates they exceed $500,000. No evidence supports or can sustain these excessive amounts. Under New York Law, it is necessary "that damages be capable of measurement based upon known reliable factors without undue speculation."." *Ashland Mgmt. Inc. v. Janien*, 82 N.Y.2d 395, 403, 624 N.E.2d 1007, 1010 (1993). Plaintiff makes no attempt to calculate or explain the damages claim as they are entirely speculative and absurd in nature.

**Alternatively, The Court Should Stay the Case Until the Resolution of the Related Case**

Courts of this circuit generally consider the following factors in determining whether to stay proceedings: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996). Where a pending related case will determine a pivotal issue of the instant matter, conserve judicial resources, and not significantly delay the instant matter, a stay is warranted. See *Pappas v. MyPizza Techs., Inc.*, 2020 WL 8268139 (S.D.N.Y. Dec. 3, 2020).

Here, many of the pivotal issues of law and fact will necessarily be resolved in the prior related Case through the Bank's summary judgment motion. It is in the interests of the courts, the public, and the private interests of the parties who necessarily want to avoid the cost of duplicative litigation, to stay the proceedings in this action until the related case moves forward. If the court grants the Bank's motion for Summary Judgment, then the court has necessarily decided that there was a default, resolving the first cause of action here in its entirety.

Respectfully Submitted,

*/s/ Joseph E. Czerniawski*
Joseph E. Czerniawski

---

Application granted in part. Having considered the relevant factors, this action is hereby stayed pending the Court's resolution of Bank of Baroda's summary-judgment motion at Dkt. No. 26 in the related case 22-cv-2257. Without expressing any substantive view on that motion, the Court observes that its resolution could significantly streamline this case, thereby warranting a stay here. *See Pappas v. MyPizza Techs., Inc.*, 2020 WL 8268139, at *1 (S.D.N.Y. Dec. 3, 2020). Accordingly, the initial pretrial conference in this case previously set for February 21, 2023 is adjourned *sine die*, and the parties are relieved of their obligation to provide a joint letter or case management plan to the Court. *See* Dkt. No. 10.
The Clerk of Court is directed to mark this case as stayed on the docket.
SO ORDERED.

Dated: February 15, 2023
New York, New York

GREGORY H. WOODS
United States District Judge